UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

GLENDY ARACELY PEREZ VILLALTA,                                          Petitioner,

v.                                                           Civil Action No. 4:26-cv-169-RGJ

JASON WOOSLEY, et al.,

                                                                       Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Glendy Aracely Perez Villalta's Writ of
Habeas Corpus. [DE 1]. Petitioner also filed a motion for a temporary restraining order. [DE 4].
Respondents responded on March 23, 2026. [DE 10]. Petitioner replied on March 24, 2026. [DE
11]. Respondents filed a supplemental response on March 24, 2026. [DE 12]. The Court held an
evidentiary hearing is necessary. [DE 7; DE 14]. Following the hearing, the Court ordered further
briefing. [DE 14]. Both parties complied. [DE 15; DE 16]. This matter is ripe for adjudication. For
the reasons below, the Court **DENIES** the Petition for a Writ of Habeas Corpus for a lack of
jurisdiction and **TRANSFERS** the matter to the Southern District of Indiana.

**I.      Background**

Petitioner Glendy Aracely Perez Villalta ("Villalta") is a 22-year-old native and citizen of
Honduras. [DE 1 at 5]. Villalta entered the United States in 2020 without inspection. [*Id.*; DE 10
at 49].[1] Villalta was primarily residing in Indiana. [DE 1 at 5]. Villalta has two siblings residing in
Indiana. [*Id.*] Her husband also lives in Indiana. [*Id.*].

Villalta was detained beginning on Mach 15, 2026. [DE 10-1 at 56]. On March 14, 2026,
Villalta was driving in Indiana when local police pulled Villalta over. [*Id.*]. After brief questioning
by the officers, local state police arrested Villalta for driving without a license. [*Id.*]. The next day,

---

[1] The parties agree that Villalta entered "without inspection." [DE 1 at 5; DE 10 at 49].

March 15, 2026, she was transferred to Immigration and Customs Enforcement ("ICE") custody at the Grayson County Jail in the Western District of Kentucky. [*Id.*].

On the same day as her detention, ICE issued an I-200 Warrant for Arrest to Villalta. [DE 10-2 at 58]. According to both parties, Villalta has not received a Notice to Appear, which would have initiated removal proceedings. [DE 1 at 5; DE 10-1 at 56].

The parties have agreed on the following sequence of events. On March 18, 2026, Villalta was transferred from Grayson County Jail to Indianapolis, Indiana, and subsequently, Alexandria, Louisiana. [DE 10 at 49; DE 11 at 125]. Villalta left the Grayson Counter Detention Center at 6:28 a.m. and arrived in Indianapolis at 9:23 a.m. [DE 12-1 at 142-43]. Around 2:15 p.m., Villalta departed Indianapolis via airplane for Alexandria, Louisiana. [*Id;* DE 16-1 at 175]. The plane arrived at 5:40 p.m. [*Id.*]. The petition for Habeas Corpus was filed on March 18, 2026, at 3:39 p.m. [DE 1]. And then on March 23, 2026, Villalta was deported to Honduras with no incident. [DE 15 at 151].

The parties are in dispute regarding whether Villalta agreed to a "voluntary departure." [DE 10 at 50; DE 15 at 151]. Respondents assert Villalta agreed to a voluntary departure, while Villalta has provided a declaration stating the opposite. [DE 10 at 49; DE 15-1 at 160]. As of the date of this order, Villalta remains in Honduras. [DE 15-1 at 160].

On the merits of the petition, Villalta asserts that the United States illegally detained her under Section 1225 instead of Section 1226 in violation of the INA. [DE 1 at 7-8]. And that this prolonged detention is in violation of her Due Process Rights under the Fifth Amendment. [*Id.*]. Therefore, Villalta seeks release from her detention, or in the alternative, to hold a bond hearing before a neutral IJ to determine whether she should remain in custody. [*Id.*]. In supplemental briefing regarding jurisdiction, Villalta concedes she was not present in the Western District of

Kentucky at 3:39 p.m., the time of filing, but nonetheless the Court retains jurisdiction to hear the petition. [DE 15 at 151-52]. Villalta concedes she was likely in the air at the time of filing. [*Id.*].

ICE contends that based on interim guidance from DHS, issued July 8, 2025, titled "Interim Guidance Regarding Detention Authority for Applicants for Admission," only those noncitizens who have already been admitted into the United States are eligible to be released during removal proceedings and all other noncitizens are subject to mandatory detention, under 8 U.S.C. § 1225 ("Section 1225"), not Section 1226. [DE 1 at 5-6]. This is a reversal of longstanding policy. [*Id.*].

In response to the petition, the United States asserts that the Court does not have jurisdiction to reach the merits, because the "petition needs to be litigated in the district of confinement." [DE 10 at 49; DE 16 at 167]. The United States asserts jurisdiction is proper in either the Southern District of Indiana or the Western District of Louisiana. [DE 12 at 140; DE 16 at 171]. However, if the Court does retain jurisdiction, the United States first "rel[ies] on and incorporate[s] by reference the legal arguments from the briefs the government filed with the Sixth Circuit Court of Appeals in the four §§ 1225-1226 appeals." [DE 10 at 50-51]. Those cases are *Lopez-Campos v. Raycraft*, Case No. 25-1965 (6th Cir. Oct. 27, 2025); *Alvarez v. Noem,* Case No. 25-1969 (6th Cir. Oct. 27, 2025); *Contreras-Cervantes v. Raycraft*, Case No. 25-1978 (6th Cir. Oct. 28, 2025); *Pizarro Reyes v. Raycraft*, Case No. 25-1982 (6th Cir. Oct. 29, 2025). The United States concedes that the "relevant facts in all four matters on appeal" are "similar to the relevant facts in this matter" and the only "relevant legal question" is whether the Petitioner is detained under Section 1225(b)(2)(A) or Section 1226. [DE 10 at 51]. In the alternative, the United States argues that the petition is moot because Villalta is no longer within the jurisdictional bounds of the United States. [DE 16 at 171].

## II.    DISCUSSION

### A.  Habeas Corpus Jurisdiction

The United States contends that because Villalta was not in the Western District of Kentucky at the time of filing the petition, the Court must either dismiss or transfer the petition. [DE 16 at 167]. Villalta contends that jurisdiction is proper in the Western District of Kentucky even if she was not in the Western District of Kentucky at the time of the filing of the petition due to an "exception" to the general rule of Habeas jurisdiction. [DE 15 at 155].

When a habeas petition pursuant to 28 U.S.C. § 2241 challenges the "present physical confinement," like Villalta, the standard rule is that the petition must be filed in the petitioner's district of confinement, and it must name the immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). In other words, "jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

Both parties agree that Villalta was not in the Western District of Kentucky at the time of filing. [DE 15 at 154; DE 16 at 169]. Still, Villalta contends that because "there was no way counsel could have known to file this petition in any other jurisdiction," jurisdiction must be proper at Villalta's last known location. [DE 15 at 156]. Therefore, Villalta alleges that the "unknown custodian" rule applies. Referenced in a footnote in *Padilla*, Justices Kennedy & O'Connor stated that an exception to the district of confinement rule *may* apply when "a prisoner is held in an undisclosed location by an unknown custodian" because "it is impossible to apply the immediate custodian and district of confinement rules." *Padilla*, 542 U.S. at 450 n. 18. As of today, no court within the Sixth Circuit has applied this exception. Nonethless, Villalta contends the exception applies because "There was no way for counsel to know Ms. Perez Villalta was in transit until after she had left Grayson County Jail." [DE 15 at 156].

In support of her position, Villalta primarily relies on *Suri v. Trump*, where the Eastern District of Virginia, relying on Justice Kennedy's footnote, held that an "exception to the district of confinement rule must apply when, after reasonably diligent effort, the district in which the petitioner was confined could not have been determined." 785 F. Supp. 3d 128, 143-44 (E.D. Va. 2025). In *Suri*, Dr. Khan Suri was arrested in his home in Rosslyn, Virginia. *Id.* at 134-35. Dr. Suri was then transferred to Louisiana, and subsequently told he was going to be transferred again to Texas. *Id.* The United States requested to transfer the case to the Northern District of Texas, which Dr. Suri had no relationship. *Id.* at 139. The court denied that request, and ultimately held that the Eastern District of Virginia retained jurisdiction. *Id.* at 144. The court did so even though at the time of filing the petition, Dr. Suri was in Alexandria, Louisiana *and* on the date of the order the Dr. Suri was in detained in Texas. *Id.* The court stated that "because Petitioner resides in this District, he was arrested in this District, and he was originally detained in this District" jurisdiction remains proper. *Id.*

But not all courts are in unison. In *Y.G.H. v. Trump*, 787 F. Supp. 3d 1097, 1105-07 (E.D. Cal. 2025) the Eastern District of California refused to assert jurisdiction over a habeas petition when the petitioner was not present in the jurisdiction at the time of filing, like Villalta. In *Y.G.H.*, Y.G.H. was transferred the morning of their habeas petition being filed. *Id.* Specifically, "Y.G.H. asserts that he could not have been expected to file in Texas, on April 14, 2025, as his counsel could not have known at that time that petitioner had been transferred there that day." *Id.* at 1106. Still, the court rejected jurisdiction because "Y.G.H. does not allege or establish that ICE transferred him on April 14 with the purpose to make it difficult for his counsel to know where to file a habeas petition, or that the Government failed to promptly disclose his location following the transfer." *Id.* at 1107. The petition could have been brought "prior to Y.G.H.'s transfer" and the petition may be brought in the "new location." *Id.*

Here, Villalta's situation is akin to *Y.G.H.* That is, Villalta similarly fails to meet "unknown custodian exception," if one exists at all.[2] Villalta has not alleged or established that ICE purposefully transferred Villalta to the Southern District of Indiana or Western District of Louisiana "to make it difficult for [her] lawyer to know where the habeas petition should be filed." *Padilla*, U.S. at 454. In *Padilla,* Justice Kennedy provided examples of when the "unknown custodian rule" may occur, such as "if the Government had removed [the petitioner] from [the district] but refused to tell his lawyer where he had been taken," or "if the Government did inform the lawyer where a prisoner was being taken but kept moving him so a filing could not catch up to the prisoner ... habeas jurisdiction would lie in the district or districts from which he had been removed." *Id.*

Here, like in *Y.G.H.,* neither of these situations have been alleged, nor does the evidence provide support for either. Respondents do not assert that the petition cannot be filed anywhere, just not in the Western District of Kentucky. *See Y.G.H.,* 787 F. Supp. 3d at 1109 ("the issue is not *whether* Y.G.H. could bring a habeas petition on April 14, but *where* his Petition must be heard") (emphasis in original). The United States has promptly supplied Villalta with all information as it became available to them. Villalta has not alleged there was any attempt for "secrecy" by the United States. *Padilla*, 542 U.S. at 449 n.17; *Sow v. Whitaker,* 2019 WL 2023752, at *5 (S.D.N.Y. May 8, 2019) (refusing to apply Justice Kennedy's possible exception when no evidence suggests bad faith by the United States). And although counsel spoke with Villalta's family the night prior to the petition being filed, Counsel did not reach out to Villalta the morning of the petition. Further, Villalta's counsel did not reach out to ICE or other immigration officials after Villalta did not reply

---

[2] The parties concede that no trial court within the Sixth Circuit, nor the Sixth Circuit itself, have endorsed this exception. [DE 15 at 152; DE 16 at 169]. Upon its own search, the Court could not locate any such case within the Sixth Circuit.

to counsel on the morning of March 18, 2026. *Y.G.H.,* 787 F. Supp. 3d at 1108; *see also, Mbabid v. Baker,* 2025 WL 3211024, at *3 (D. Md. Nov. 18, 2025).

Moreover, in *Suri*, the Eastern District of Virginia considered equitable factors in deciding whether to retain jurisdiction. The court considered where the petitioner had previously resided and had been arrested. *Suri*, 785 F. Supp. 3d at 144. Other courts which have retained jurisdiction pursuant to the unknown custodian rule have considered the same equitable principles. *See, Tacuri ex rel. Guanoluisa v. Francis*, 2025 WL 3459377, at *5 (S.D.N.Y. Dec. 2, 2025) (holding that where "Petitioner resides" and "was arrested," supports that a certain jurisdiction "has a strong interest in hearing Petitioner's habeas petition.") Applying those factors here, Villalta previously lived in Indiana since she arrived in the United States. [DE 1 at 5]. Her husband and siblings live in Indiana. [*Id.*]. And she was arrested by Indiana local police and originally placed in an Indiana jail, prior to her transfer to Oldham County. [*Id.*]. Therefore, unlike in *Suri*, if equitable principles apply at all, they side *against* keeping the matter in the Western District of Kentucky and support either transferring or dismissing the matter altogether.

Based on the above and the record in the matter, there is no evidence that Respondents purposefully moved Villalta out of the Western District of Kentucky to forum shop or otherwise interfere with her ability to file a habeas petition. *See Mbabid,* 2025 WL 3211024, at *3 (holding that the district court did not jurisdiction because "there is no evidence here that ICE transferred Petitioner with the purpose of forum shopping or otherwise interfering with his ability to file his petition.") Because, as both parties concede, the petition was not filed while Villalta was in the Western District of Kentucky and no exception to the district of confinement rule applies, this Court does not have jurisdiction to hear this petition under Section 2241. The matter must either be dismissed or transferred.

Pursuant Section 2241(b), a petition may be transferred to a district court that retains jurisdiction. Both parties agree that Villalta was likely in the air during the filing of the petition. [DE 15 at 154; DE 16 at 169]. And further, according to 28 U.S.C. § 1631, when a civil action is filed with a district court that finds it lacks jurisdiction, the court shall transfer it to a court where it could have been brought "if it is in the interest of justice[.]" The Sixth Circuit has held that it is an abuse of discretion for lower courts to not consider transferring case prior to dismissing the matter. *Jackson v. L&F Martin Landscape*, 421 F. App'x 482, 483-84 (6th Cir. 2009). And further, the Sixth Circuit has approved lower courts transferring matters when jurisdiction with other courts is proper, and dismissal would result in further expenses for the plaintiff. *Roman v. Ashcroft,* 340 F.3d 314, 328-29 (6th Cir. 2003).

In similar factual situations to Villalta, courts have held jurisdiction proper both where the plane departed or the ultimate detention destination of the individual. *Compare Tacuri ex rel. Guanoluisa*, 2025 WL 3459377, *4-5 (transferring the matter to where Petitioner departed), *with Mbabid*, 2025 WL 3211024, *3-4 (transferring the matter to where Petitioner landed and was ultimately detained). Respondents concede that jurisdiction is proper in both the Southern District of Indiana and the Western District of Louisiana. [DE 16 at 171]. Although there is no general meaning of the "interests of justice" courts often look to convenience of the parties, where potential witnesses are located, costs, and access to proof. *Parrot v. Gemini Direct, L.L.C.*, 2024 WL 647393, *6 (W.D. Ky. Feb. 15, 2024). Here, Petitioner lived in Indiana for over five years, has siblings in Indiana, a husband in Indiana, and was originally arrested by Indiana police in Indiana. [DE 1 at 5-6]. Counsel for Petitioner is also located in Indianapolis, Indiana. [DE 1 at 11]. Further, if the court were to dismiss the petition, Petitioner would be stuck with the additional expenses and burden of re-filing. Therefore, the Court finds it in the interests of justice to transfer this matter to the **Southern District of Indiana**.

## VI.     Conclusion

For the reasons stated above, and the Court being otherwise sufficiently advised, it is

ORDERED:

I.    Villalta's Petition is **DENIED** for a lack of jurisdiction. [DE 1].

II.    This case is **TRANSFERRED** to the United States District Court for the Southern

District of Indiana.

III.    The Clerk SHALL CLOSE this case**.**

Rebecca Grady Jennings, District Judge
United States District Court

April 10, 2026

9